UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:                                    )
                                          )
SHARIFULLAH  v.  BUSH                     )     Civil Action No. 08-cv 1222 (EGS)
                                          )
_____   )

### PETITIONER'S RESPONSE TO THE COURT'S JULY 24, 2008 QUESTIONS

1.  Is this case in a posture for any merits resolution at this time?

**Response**: No.

2.  If not, what are the impediments to a merits resolution at this time?

**Response**: Petitioner's attorneys have not yet obtained access to their client or the factual information regarding the basis for petitioner's detention and classification as an enemy combatant. The attorneys for petitioner need to obtain all the relevant information necessary to adequately and zealously represent their client. Counsel in this case first received information regarding Sharifullah from the Center for Constitutional Rights on April 10, 2008. On or about May 21, 2008, a Petition for Relief and Release under the Detainee Treatment Act of 2005 was filed with the United States Court of Appeals; District of Columbia Circuit. On or about July 17, 2008, following the United States Supreme Court's decision in *Boumediene v. Bush*, 128 S. Ct. 2229 (2008), counsel filed with this Court a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief.

Petitioner's attorneys have not yet conferred with their client. The attorneys have retained an interpreter and are scheduling a trip to meet with their client during the week of October 13, 2008. Petitioner's attorneys wish to review documents, such as the "Classified Factual Return" at the Secure Facility, but the government has not yet provided any documents

in this case to the Secure Facility. Accordingly, the primary source of information to which counsel have access concerning petitioner's detention is the non-classified documents which were obtained from the website of the United States Department of Defense. This non-classified information concerning the purported justification for petitioner's imprisonment is from excerpts of petitioner's Combatant Status Review Tribunal and Administrative Review Board proceedings.

One of petitioner's attorneys, J. Griffin Morgan, has not yet received a security clearance that was applied for on March 19, 2008.

3.    For any impediments listed in response to question 2, what is necessary to remove those impediments and proceed to a merits resolution?

**Response:** Petitioner's attorneys need to be provided attorney-client privileged access to their client and access to information in the possession of the United States Government related to its classification of petitioner as an enemy combatant and to all exculpatory information regarding petitioner's innocence.

4.    What are your recommendations for a timely resolution of any impediments stated in answer to question 2?

**Response:**    That this Court enter a preliminary order directing the following:

(a)    Enter the standard Habeas Protective Order in this case;

(b)    Order that the respondents complete the security clearance process for petitioner's non-security-cleared counsel prior to September 15, 2008;

(c)    Enter an order immediately compelling respondents to provide petitioner's security-cleared counsel with a factual return and access to reasonably available information in the possession of the United States Government that bears on the issue of whether petitioner

should have been or continues to be designated as an "enemy combatant," whether or not such information previously has been compiled;

(d)  Enter a protective order permitting petitioner immediate access to his counsel in private and unmonitored attorney-client conversations and immediate access to the legal mail system established for Guantánamo prisoners;

(e)  Order that petitioner Sharifullah cannot be transferred to any other country without 30 days advance notice to his counsel and the opportunity for counsel to communicate with petitioner;

(f)  Order that petitioner be allowed to conduct discovery, including but not limited to, requests for production of all documents related to the petitioner's CSRT, his detention and interrogation.

This the 28th day of July, 2008.

J. Griffin Morgan (D.C. Cir. Bar # 51744)
Elliot Pishko Morgan, P.A.
426 Old Salem Road
Winston-Salem, NC 27101
Tel: (336) 724-2828
Fax: (336) 714-4499

Robert M. Elliot (D.C. Cir. Bar # 51320)
Elliot Pishko Morgan, P.A.
426 Old Salem Road
Winston-Salem, NC 27101
Tel: (336) 724-2828
Fax: (336) 714-4498

C. Frank Goldsmith, Jr. (D.C. Cir. Bar # 51666)
Goldsmith Goldsmith & Dews, P.A.
P. O. Box 1107
Marion, NC 28752-1107
Tel: (828) 652-3000
Fax: (828) 652-9196
Attorneys for Petitioner

Shayana D. Kadidal
J. Wells Dixon
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway 7th Floor
New York NY  10012
Tel: (212) 614-6438

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of North Carolina, is attorney for the plaintiff and is a person of such age and discretion as to be competent to serve process.

That on July 28, 2008 he served a copy of the foregoing document by electronic mail to the person named, at the place and address stated below, which is the last known address.

Andrew I. Warden
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, DC 20530
Tel: 202-616-5084
Fax: 202-616-8470
Andrew.Warden@usdoj.gov

_____
J. Griffin Morgan

5