**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                  )
SHARIFULLAH, *et.al.*,            )
                                  )
                Petitioners,      )
                                  )
                                  )    Civ. No. 08-1222 (EGS)
          v.                      )
                                  )
GEORGE W. BUSH, *et al.,*         )
                                  )
                Respondents.      )
_____  )

**ORDER**

Pursuant to the status hearing held July 29, 2008 and upon consideration of the status reports submitted in accordance with the Court's Orders of July 7, 2008 and July 24, 2008, and the entire record herein, it is hereby:

**ORDERED** that the Government shall file notice with the Court thirty (30) days prior to any transfer of a petitioner from Guantanamo Bay, Cuba.[1]   It is further

**ORDERED** that, pending further order of the Court, the following apply in this case: (1) the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on

---

[1] The Court recognizes that issues pertaining to notice of removal and a court's power to enjoin the government from removing a detainee are currently pending before the United States Court of Appeals for the District of Columbia Circuit. Nothing in this Order shall be construed as a determination that this Court has the power to enjoin the Government from transferring Petitioners from detention at Guantanamo Bay, Cuba.

November 8, 2004, 344 F. Supp. 2d 174 (D.D.C. 2004); (2) the

Order Addressing Designation Procedures for Protected

Information, first issued on November 10, 2004; and (3) the Order

Supplementing and Amending Filing Procedures Contained in the

November 8, 2004 Amended Protective Order, first issued on

December 13, 2004.  It is further

   **ORDERED** that the parties shall address the procedural

framework for the habeas corpus hearing in this matter, including

the following issues:

   1.   How should the habeas proceedings be structured?

   2.   What is the legal authority for detention in these
        cases and what is the burden of proof for establishing
        that the detention is lawful?  *See, e.g., Boumediene v.
        Bush*, 128 S. Ct. 2229, 2266 (June 12, 2008) ("We
        consider it uncontroversial, however, that the
        privilege of habeas corpus entitles the prisoner to a
        meaningful opportunity to demonstrate that he is being
        held pursuant to 'the erroneous application or
        interpretation' of relevant law.")(citing *I.N.S. v. St.
        Cyr*, 533 U.S. 289, 302 (2001)).

   3.   What is the standard for obtaining an evidentiary
        hearing, if any?

   4.   Which party bears the burden of production and
        persuasion at different stages of the proceedings?

   5.   What is the standard governing hearsay evidence?

   6.   What is the scope of discovery and what is the
        Government's burden to produce exculpatory evidence?
        *See, e.g., Boumediene*, 128 S. Ct. at 2270 ("For the
        writ of habeas corpus, or its substitute, to function
        as an effective and proper remedy in this context, the
        court that conducts the habeas proceeding must have the
        means to correct errors that occurred during the CSRT
        proceedings.  This includes some authority to assess
        the sufficiency of the Government's evidence against

the detainee.  It also must have the authority to admit
and consider exculpatory evidence that was not
introduced during the earlier proceeding.  Federal
habeas petitioners long have had the means to
supplement the record on review, even in the
postconviction habeas setting. ... *Here that
opportunity is constitutionally required.*") (emphasis
added) (internal citations omitted); *Bismullah v.
Gates*, 501 F.3d 178 (2007)("We hold that, contrary to
the position of the Government, the record on review
consists of all the information a Tribunal is
authorized to obtain and consider, pursuant to the
procedures specified by the Secretary of Defense and
... defined by the Secretary of the Navy as 'such
reasonably available information in the possession of
the U.S. Government bearing on the issue of whether the
detainee meets the criteria to be designated as an
enemy combatant,' which includes any information
presented to the Tribunal by the detainee or his
Personal Representative.").

7.    What is the application of the confrontation and
      compulsion rights, if any?

8.    What role does the Combatant Status Review Tribunal
      proceedings play in the habeas proceeding?  *See, e.g.,
      Boumediene*, 128 S. Ct. at 2270 ("Even if we were to
      assume that the CSRTs satisfy due process standards, it
      would not end our inquiry.  Habeas corpus is a
      collateral process that exists, in Justice Holmes'
      words to 'cu[t] through all forms and g[o] to the very
      tissue of the structure.  It comes in from the outside,
      not in subordination to the proceedings, and although
      every form may have been preserved opens the inquiry
      whether they have been more than an empty shell.'").

The Government's brief shall be filed by no later than August 12,

2008.  Petitioner's response shall be filed by no later than

August 22, 2008.  The Government's reply shall be filed by no

later than September 4, 2008.  It is further

    **ORDERED** that status reports shall be filed every thirty

days, with the first report due September 2, 2008.  The first

3

status report shall include a report on the Government's efforts
to streamline and improve the attorney visitation procedures.  It
is further

   **ORDERED** that the Government shall file the Combatant Status
Review Tribunal ("CSRT") report for Petitioner by August 12,
2008.  It is further

   **ORDERED** that the Government shall file a factual return by
August 29, 2008.  It is further

   **ORDERED** that the Petitioner shall file a factual traverse or
a motion for judgment by no later than October 6, 2008.  It is
further

   **ORDERED** that any additional motions be filed by August 12,
2008; responses due August 22, 2008; replies due September 4,
2008. It is further

   **ORDERED** the next status conference is scheduled for
September 22, 2008 at 12:00 p.m. in Courtroom 24A.  It is further

   **ORDERED** that, pursuant to *Boumediene v. Bush*, 128 S. Ct.
2229 (June 19, 2008), this Court will do everything in its power
to ensure that Petitioner is afforded a hearing to consider his
habeas petition as soon as reasonably practicable.  *Id.* at 2275
("The detainees in these cases are entitled to a prompt habeas
corpus hearing.").  While there obviously remain issues to be
briefed and other preliminary issues to work out, to the extent
the Government intends to raise logistical issues that would

4

impede or delay such a prompt hearing, including but not limited to security, travel, or resource issues, counsel is hereby put on notice that they need to resolve those issues now.  The Court will not tolerate eleventh-hour delays to address issues that are foreseeable.  In other words, do not wait until the Court sets a hearing date to raise such issues and expect the Court and the Petitioners to wait while the Government resolves those issues. *Id.* ("While some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody.").

 **SO ORDERED.**

**SIGNED: Emmet G. Sullivan**
    **United States District Judge**
    **July 31, 2008**