CLEARED FOR PUBLIC FILING

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARIFULLAH, *et al*, | ) |
|     *Petitioners/Plaintiffs*, | ) |
| v. | ) Civil Action No. 08-CV-1222 (EGS) |
| GEORGE W. BUSH, *et al* | ) |
|     *Respondents/Defendants*. | ) |

PETITIONER'S RESPONSE TO GOVERNMENT'S
MOTION FOR EVIDENCE THAT PETITIONER DIRECTLY
AUTHORIZED THIS ACTION

On August 12, 2008, the government moved that petitioner's counsel demonstrate direct authorization from petitioner before merits-related issues are considered. (Dkt. # 13) Petitioner respectfully submits that the government's motion should be denied, held in abeyance or dismissed.

FACTS

Petitioner Sharifullah is, upon information and belief, approximately 27 years of age. He is a citizen of Afghanistan who is presently being unlawfully detained in respondents' custody and control at Guantánamo.

Petitioner is a civilian who has never fought with al Qaeda or the Taliban or any military forces against the United States or coalition forces. Nevertheless, petitioner was ultimately taken into custody by the United States Government and transferred to Guantánamo Bay, Cuba, where he has been imprisoned, virtually *incommunicado,* since approximately 2003.

Petitioner Next Friend Subhanullah is petitioner's father who is familiar with petitioner, and reasonably believes that petitioner would want him to act in his interest and on his behalf. On March 13, 2008, Subhanullah executed a written next-friend Authorization for petitioner. *See Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, Exh. A*[1] (Dkt. # 1).

Petitioner Next Friend Sami Al Hajj, a citizen of Qatar, was a detainee imprisoned at Guantánamo, who was familiar with petitioner during the time of his incarceration in Guantánamo. Upon information and belief, Al Hajj has been released from confinement. Nevertheless, prior to his release, Al Hajj met with his counsel and confirmed petitioner Sharifullah's direct request for representation, as well as Al Hajj's understanding of, and desire to serve as next friend; and on December 13, 2006, Al Hajj executed a written next-friend Authorization for petitioner. *See Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, Exh. B* (Dkt # 1).

Accordingly, because Sharifullah has been denied access to legal counsel and the courts of the United States, Subhanullah and Al Hajj are acting as petitioner's Next Friends and, in that capacity, are authorized to file his petition and pursue his claims on his behalf.

---

[1] Exhibit A is an Authorization executed by Subhanullah authorizing attorneys on the staff of the Center for Constitutional Rights, as well as "any person assigned by these lawyers" to act on his and petitioner's behalf. The undersigned counsel have been assigned to the representation of petitioner Sharifullah by the Center.

## ARGUMENT

## THE GOVERNMENT'S MOTION SHOULD BE DENIED, HELD IN ABEYANCE OR ALTERNATIVELY, DISMISSED WITHOUT PREJUDICE

### A. Article III Standing Has Been Satisfied In This Action By Petitioner's Filing Through His "Next Friend"

Petitioner has filed this action seeking the Great Writ of Habeas Corpus pursuant to 28 USC § 2241 *et seq*. Section 2242 requires that an application for a writ "shall be in writing signed and verified by the person for whose release it is intended *or by someone acting in his behalf*." (Emphasis provided). It has long been established that Article III standing is satisfied by the filing of an action through a "next friend." *Whitmore v. Arkansas et al.*, 495 U.S. 149 (1990).

As the government acknowledges, in *Whitmore*, the Supreme Court recognized "next friend" standing as "an accepted basis for jurisdiction," particularly when it is "on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." 495 U.S. at 162. The Court observed that the "next friend" is not a party to the habeas corpus action, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." 495 U.S. at 163. Emphasizing that "next friend" standing "is by no means granted automatically," the Court articulated the "firmly rooted prerequisites for 'next friend' standing."

> First, a "next friend" must provide an adequate explanation -- such as inaccessibility, mental incompetence, or other disability -- why the real party in interest cannot appear on his own behalf to prosecute the action. [Citations omitted]. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate ... and ... any "next friend" must have some significant relationship with the real party in interest. [Citations omitted]. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court. [Citations omitted].

95 U.S. at 163-64.

### B. Petitioner Meets The Requisites Of *Whitmore* And Has Demonstrated Article III Standing

Petitioner has met the requirements of *Whitmore* and Article III standing through his filings at this early stage of this action.

Specifically, the circumstances surrounding petitioner's detention alone demonstrate the first condition of the *Whitmore* test. Petitioner, having been held in a foreign prison, incommunicado, without access to his family or friends, and without the benefit of legal representation for over five years, has had no access to the courts. Given the circumstances, it is virtually indisputable that petitioner has been unable to act in his own behalf. Petitioner has provided an adequate explanation, at least at this early stage of the proceedings, as to why he has not been able to appear in this action on his own behalf.[2]

The second *Whitmore* requirement is satisfied in two ways. First, the next-friend Subhanullah is petitioner's father. He has a significant relationship with petitioner that insures that he will be "truly dedicated to the best interests" of his son. *Id*. At 163-64. Alternatively, "next friend" Al Hajj was a fellow detainee who declared "under penalty of perjury" that he had received direct authorization from petitioner to act as his "next friend."

Neither individual can be characterized as an "intruder" or an "uninvited meddler," and each can properly proceed as petitioner's next friend. *See Whitmore,* 495 U.S. at 163; *Padilla v.*

---

[2] In addition to his lack of access to the Court, there may be other grounds of explanation as to why petitioner is unable to proceed on his own behalf. For example, in view of his long years of detention, without access to his family or friends, petitioner may be suffering from other disabilities which may impair his ability to proceed on his own behalf. Since counsel has not had the opportunity to visit with their client, or review documents and information to be provided by the government, counsel are unaware of other potential grounds of inaccessibility or disability. Following their visit with petitioner, counsel will supplement this response.

4

*Rumsfeld*, 352 F.3d 695 (2d Cir. 2003), *reversed and remanded on other grounds*, 542 U.S. 426 (2004).

Respondent's motion should be denied.

### C. In Any Event, This Court Should Permit Counsel a Reasonable Opportunity To Supplement this Response Following Their Upcoming Visit With Petitioner

This action was filed on July 17, 2008. Counsel were assigned to represent petitioner by the Center for Constitutional Rights in April, 2008. Counsel immediately filed a Petition for Release and Other Relief Under the Detainee Treatment Act of 2005 with the United States Court of Appeals for the District of Columbia Circuit (Case No. 08-1198) in May, 2008.

Since the filing of petitioner's DTA petition, counsel filed their applications for security clearance. Because of the delay in obtaining clearance, counsel have been unable to arrange a visit with their client. Two of petitioner's counsel, Mr. Elliot and Mr. Goldsmith, have recently obtained clearance, and the clearance application of petitioner's third counsel, Mr. Morgan, is pending. Counsel are currently planning a trip to Guantánamo to visit with their client during the week of October 13, 2008.

For the same reasons, counsel have been unable to review any classified or protected information or documentation concerning their client. Pursuant to this Court's Order, counsel understand that protected and classified documentation has been filed by the Government, and is accessible to petitioner's security-cleared counsel. Accordingly, counsel are planning a trip in the near future to review the government's information concerning their client.

Once counsel have had a reasonable opportunity to visit with their client and investigate his case, counsel will be able to respond more specifically to the government's motion. The

5

government's motion should be dismissed without prejudice, or held an abeyance,[3] until counsel are able to meet their client and investigate his case.

## CONCLUSION

For the foregoing reasons, petitioner respectfully submits that the government's motion should be denied. Alternatively, petitioner requests that the government's motion be dismissed without prejudice to its right to renew its motion at a later time, or held in abeyance to permit counsel the time and opportunity to meet with their client.

Respectfully submitted, August 22, 2008.

/S/Robert M. Elliot
Robert M. Elliot (D.C. Cir. Bar No. 51320)
Elliot Pishko Morgan, P.A.
426 Old Salem Road
Winston-Salem, NC 27101
Tel: (336) 724-2828
Fax: (336) 714-4498

J. Griffin Morgan (D.C. Cir. Bar No. 51744)
Elliot Pishko Morgan, P.A.
426 Old Salem Road
Winston-Salem, NC 27101
Tel: (336) 724-2828
Fax: (336) 714-4499

---

[3] Petitioner acknowledges that the government has requested that this Court adopt time limitations from Judge Hogan's Order, which would permit petitioner 90 days in which to file a direct authorization from their client, or a declaration of counsel as to why such direct authorization is unavailable. However, petitioner contends that his standing has been demonstrated through his "next friends", under the principles of *Whitmore*. In any event, as indicated above, counsel may be able to meet such a timetable if their visit to Guantánamo is approved for the week of October 13, 2008. Nevertheless, counsel oppose any arbitrary deadline for their doing so, which may be impossible to meet due to circumstances beyond their control.

                                        C. Frank Goldsmith, Jr.(D.C. Cir. Bar No. 51666)
                                        Goldsmith Goldsmith & Dews, P.A.
                                        P. O. Box 1107
                                        Marion, NC 28752-1107
                                        Tel: (828) 652-3000
                                        Fax: (828) 652-9196
                                        Attorneys for Petitioner

Shayana D. Kadidal
J. Wells Dixon
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway 7th Floor
New York NY 10012
Tel: (212) 614-6438