CLEARED FOR PUBLIC FILING

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARIFULLAH, *et al*, | ) |
|     *Petitioners/Plaintiffs*, | ) |
| v. | ) Civil Action No. 08-CV-1222 (EGS) |
| GEORGE W. BUSH, *et al* | ) |
|     *Respondents/Defendants*. | ) |

**PETITIONER'S RESPONSE TO GOVERNMENT'S MOTION TO DISMISS RESPONDENTS OTHER THAN GATES**

On August 12, 2008, the government moved to dismiss all named respondents in this action other than Secretary of Defense Gates. (Dkt. # 15) Petitioner respectfully submits that the government's motion should be denied.

**FACTS**

Petitioner Sharifullah is, upon information and belief, approximately 27 years of age. He is a citizen of Afghanistan who is presently being unlawfully detained in respondents' custody and control at Guantánamo.

Petitioner is a civilian who has never fought with al Qaeda or the Taliban or any military forces against the United States or coalition forces. Nevertheless, petitioner was ultimately taken into custody by the United States Government and transferred to Guantánamo Bay, Cuba, where he has been imprisoned, virtually *incommunicado,* since approximately 2003.

## ARGUMENT

## THE GOVERNMENT'S MOTION SHOULD BE DENIED SINCE EACH NAMED RESPONDENT IS A PROPER PARTY TO THIS ACTION

Petitioner has filed this action seeking the Great Writ of Habeas Corpus pursuant to 28 USC § 2241 *et seq*. Petitioner seeks his release from imprisonment by those individuals who have authorized and ordered his initial and continued detention and have maintained custody over his person. The government seeks to dismiss this action against President Bush on the ground that the Court lacks jurisdiction to award relief from the President; and against all other respondents other than Secretary of Defense Gates on the ground that they are not necessary parties. The government acknowledges that the Court has jurisdiction over Secretary of Defense Gates.

A. **The President Of The United States Is A Proper Party To This Action, And The Government's Motion As To Bush Should Be Denied.**

The petitioner was initially detained and continues to be detained at Guantánamo under the authority of respondent Bush. As alleged in petitioner's petition:

> Respondent George W. Bush is the President of the United States and Commander-in-Chief of the United States Military. Petitioner Sharifullah is being detained pursuant to Respondent Bush's authority as Commander-in-Chief, under the laws and usages of war or, alternatively, pursuant to the Executive Order of November 13, 2001, Detention, Treatment, and Trial of Certain Non-Citizens in the War Against Terrorism, 66 Fed. Reg. 57,833 (November 13, 2001) ("Executive Order"). President Bush is responsible for petitioner Sharifullah's unlawful detention and is sued in his official capacity.

Under the Executive Order, cited above, respondent Bush has the *sole* discretion to identify individuals who are "enemy combatants"---those who he believes may have been members of al Qaeda, or engaged in terrorism against the United States. *See* Executive Order, 66 Fed. Reg. 57,833, §2 (November 13, 2001). In fact, it was respondent Bush, through his delegates, who

declared that petitioner was an "enemy combatant" and who have continued to detain him at Guantánamo on that basis.

Accordingly, it is respondent Bush who had the purported authority to continue to detain the petitioner. And it is respondent Bush who has the authority to release the petitioner. The fact that Bush has delegated his authority to his Secretary of Defense, Secretary Gates, does not remove this Court's basis for jurisdiction. Since respondent Bush has the ultimate authority to maintain custody or release the petitioner, he is a proper party to this habeas proceeding.

### B. The Respondents Who Are The Immediate Custodians Of The Petitioner Are Clearly Proper Parties To This Action, And The Government's Motion As To These Respondents Should Be Denied.

The government also seeks to dismiss the immediate custodians of petitioner as respondents in this action. In *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the Supreme Court recognized that the proper parties to a habeas corpus action include the immediate custodians of the petitioner. Specifically, the Court stated the following:

> We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the person detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." [Citations omitted].

542 US at 435. The Court found in *Padilla* that the immediate custodian of the petitioner was the commander of the military brig where he was detained, and that the Court had jurisdiction over him.[1]

Each of the respondents, other than Bush and Gates, are immediately responsible for the

---

[1] The court also noted an exception to the immediate custodian rule in the military context where an individual is detained outside the territorial jurisdiction of a district court, and found that others who had legal authority over the individual would be subject to a habeas petition under those circumstances. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973).

3

custody of the petitioner at Guantánamo. As alleged in the petition:

> Respondent Rear Admiral Mark H. Buzby is the Commander of Joint Task Force-GTMO, the task force running the detention operation at Guantánamo Bay. He has supervisory responsibility for petitioner Sharifullah and is sued in his official capacity.
>
> Respondent Army Colonel Bruce Vargo is the Commander of the Joint Detention Operations Group and the JTF-GTMO detention camps, including the U.S. facility where petitioner Sharifullah is presently held. He is the immediate custodian responsible for petitioner Sharifullah's detention and is sued in his official capacity.

*Petition*, ¶¶ 19-20. Accordingly, each of these respondents meets the Court's characterization as an individual who, by virtue of his authority and responsibilities, is able to "produce the body" of the petitioner to the Court.

While apparently acknowledging their status as immediate custodians at Guantánamo, the government argues that they are not *necessary* since the Secretary of Defense has been named as a respondent. The fact that the government acknowledges that the Secretary of Defense is a proper party does not mandate the dismissal of other parties. The government cites no authority for dismissing admittedly proper respondents.

The government's motion with respect to these other respondents should be denied.

4

## CONCLUSION

For the foregoing reasons, petitioner respectfully submits that the government's motion to dismiss the named respondents Bush, Buzby and Vargo should be denied.

Respectfully submitted, August 22, 2008.

/S/Robert M. Elliot
Robert M. Elliot (D.C. Cir. Bar No. 51320)
Elliot Pishko Morgan, P.A.
426 Old Salem Road
Winston-Salem, NC 27101
Tel: (336) 724-2828
Fax: (336) 714-4498

J. Griffin Morgan (D.C. Cir. Bar No. 51744)
Elliot Pishko Morgan, P.A.
426 Old Salem Road
Winston-Salem, NC 27101
Tel: (336) 724-2828
Fax: (336) 714-4499

C. Frank Goldsmith, Jr.(D.C. Cir. Bar No. 51666)
Goldsmith Goldsmith & Dews, P.A.
P. O. Box 1107
Marion, NC 28752-1107
Tel: (828) 652-3000
Fax: (828) 652-9196

Attorneys for Petitioner

Shayana D. Kadidal
J. Wells Dixon
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway 7th Floor
New York NY 10012
Tel: (212) 614-6438