IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARIFULLAH, *et al.*, | ) |
| Petitioners | ) |
| v. | ) Civil Action No. 08-1222 (EGS) |
| GEORGE WALKER. BUSH, *et al.* | ) |
| Respondents. | ) |

**STATUS REPORT**

Pursuant to the Court's July 31, 2008 Order (Dkt. No. 8), undersigned counsel for the respondents states as follows:

    A.    Petitioner Sharifullah (Internment Serial Number 944) is the sole detainee-petitioner in this case.

    B.    Petitioner Sharifullah remains detained at Guantanamo Bay.

    C.    On July 17, 2008, a petition for habeas corpus was filed by Petitioner Sharifullah, and by Subhanullah and Sami al-Hajj as Sharifullah's next friends.

    D.    Petitioner Sharifullah's status as an enemy combatant has been confirmed by a Combat Status Review Tribunal.

    E.    The standard habeas protective orders have been entered in this case, i.e., (1) the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, 344 F. Supp. 2d 174 (D.D.C. 2004); (2) the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004; and (3) the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004.

F.  A factual return was filed on August 29, 2008.

G.  Respondents filed a Motion to Amend the Protective Order with respect to the filing of documents before the Court on August 5, 2008.

H.  The Government has briefed, and the Petitioner has filed a Response concerning the following issues:

1.  The Procedural Framework

2.  The Motion to Dismiss Improper Respondents

3.  The Motion for Evidence that Petitioner Sharifullah Directly Authorized this Action

I.  The Government submitted the Combat Status Review Tribunal record for review by Petitioner's counsel on August 12, 2008.

J.  On August 29, 2008, Respondents filed a Notice of Filing of Protected Information. The subject of this filing is under seal, and has been provided to this Court. The impact, if any, of this filing can be discussed at the status conference currently set for September 22, 2008 at 12:00.

K.  The Government made significant efforts to improve attorney visitation procedures. The undersigned understand that the Department of Defense (DoD) has taken the following steps to improve and streamline habeas attorney access to detainees at Guantanamo in light of the habeas proceedings:

1.  In an effort to assist counsel in traveling to Guantanamo, DoD will be making certain pre-existing military transport flights available for habeas counsel use. Space for habeas counsel will be available on these flights (subject to military necessity), that depart from Andrews Air Force Base early on Tuesday mornings and will leave Guantanamo on Thursday afternoons. The fee for such travel is approximately $350 each way. Counsel may make arrangements for such flights

through the Guantanamo habeas visit coordinator's office.

2. With respect to time slots available for counsel visits with detainees at Guantanamo, Guantanamo has recently increased the number of slots available and, to date, these slots have been adequate to support visit requests.

3. Where a case-specific need can be demonstrated, DoD also will attempt to accommodate extended visit hours during the day or visits on weekends.

4. DoD is in the process of installing multiple secure telephone lines in the secure habeas work facility and at Guantanamo, so that habeas counsel can speak with a represented detainee by telephone in lieu of a visit to Guantanamo.

5. With respect to improving the time taken for delivery of habeas counsel's presumptively classified counsel notes to the U.S. after a visit with a detainee at Guantanamo, DoD is taking a number of steps to facilitate counsel's ability to receive and use such materials in a timely fashion. Heretofore, such materials were sent by certified mail from Guantanamo to the secure habeas work facility outside Washington, D.C., with counsel able to request classification review of the notes once they arrived.[1]

    a. DoD, however, has now stationed a member of the Privilege Team at Guantanamo, so that he can, at counsel's request and where an exigency exists, review counsel meeting notes at Guantanamo. Where determined to be unclassified, the notes are returned to and may be used by counsel outside any classified setting, including being brought out of Guantanamo in counsel's briefcase. Following the on-island review, counsel notes determined to be

---

[1] *See In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174, Exhibit A §§ VI, VII (D.D.C. Nov. 8, 2004) (Protective Order permitting counsel to request classification review by Privilege Team of counsel notes so as to permit counsel's use of unclassified information outside the facility).

classified by the Privilege Team member can then be secure faxed to the habeas counsel work facility so that counsel can have immediate access to them upon their arrival at the facility.

b.    DoD has also established a courier system to transport counsel notes and detainees' legal mail to the secure facility every two weeks.  This courier system will also, upon counsel request, transport counsel's legal mail to Guantanamo during these courier runs.

In addition, DoD continues otherwise to examine its visit facilities and practices in order to identify areas that may need adjustment or revision in order to streamline counsel visit procedures.

Dated September 2, 2008              Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

/s/ P. Michael Truman
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JUDRY L. SUBAR (D.C. Bar No. 347518)
ANDREW I. WARDEN
P. MICHAEL TRUMAN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C.  20530
Tel:  202.305-9909
Fax: 202.305-2685

Attorneys for Respondents

4